INTERSTATE CHEMICAL COMPANY, APPELLANT, v. JAMES LEO COMPANY, RESPONDENT.

Submitted March 22, 1920—Decided June 14, 1920.

Where there was no attempt to prove that an agent had authority to change the terms of an original contract or that the agent had been held out by his principal as having authority to do so, or that the principal had any knowledge of an alteration in the original contract until an attempt was made to deliver the goods made in accordance with such alleged change, a judgment based upon a finding that there had been a ratification was erroneous.

---

On appeal from the Supreme Court.

For the appellant, *Frank G. Turner.*

For the respondent, *Robert Carey.*

The opinion of the court was delivered by

KALISCH, J. The appellant, who was the plaintiff in the District Court, sued the defendant to recover $500 for a breach of contract, in writing, by which the defendant obligated itself to deliver to plaintiff ten thousand folding boxes, six by eight by eleven, for Key Dry, two-color printing, as per sample submitted, at $47.50 per one thousand. Delivery

to be made within four weeks, which time was subsequently extended by the contracting parties to six weeks. The plaintiff, by its state of demand, claimed that by reason of the failure of the defendant to deliver the boxes to the plaintiff, as ordered, printed in two colors, the plaintiff was obliged to go elsewhere in the public market to purchase the boxes at a price $212 higher than that fixed by the contract, and that it sustained a further loss of $250 by reason of the failure of the defendant to carry out its contract and make delivery of the boxes. The defendant filed a set-off for the value of the labor performed and materials furnished in and about the boxes, and gave notice in writing that it would seek to recoup damages, and which notice, in effect, set up that on August 17th, 1918, plaintiff and defendant modified the original contract, by the plaintiff agreeing to take the boxes in one color instead of two, the defendant to furnish the plate, and that the plaintiff refused to accept the boxes under the modified contract. The case was tried without a jury and the trial judge gave judgment for the defendant on its counter-claim. From that result the plaintiff appealed to the Supreme Court, which tribunal affirmed the judgment.

There was a double theory upon which the trial judge gave judgment for defendant, and which appears to have been followed by the Supreme Court, and that was, firstly, that the original contract, which required the job to be done in two colors, was subsequently modified by Ribakoff, a sales agent of the plaintiff, who it was alleged agreed with the defendant that if it would go to the expense of procuring certain plates, or stamps, it should be recouped the expenses thereby incurred, by being allowed to print the boxes in one color instead of two; and that the testimony justified an inference that Ribakoff was held out by the defendant through a course of dealing as authorized to make this change in the original contract. And, secondly, that Mr. Rose, president of the plaintiff company, ratified the change as to color by putting his O. K. on one of the proofs, thereby indicating that the boxes were to be printed in one color.

Now, as to these theories: Ribakoff denied that he agreed to any change in the contract as claimed by the defendant. But, as his denial raised a disputed question of fact, the finding of the trial judge cannot be questioned. Assuming that Ribakoff did agree to a change in the contract, as asserted by the defendant, it still leaves several questions to be determined, any of which if supported by a scintilla of testimony would have entitled the defendant to prevail upon his counter-claim.

The first question is whether Ribakoff, the sales manager, had any authority to alter the terms of a written contract made by his principal. The mere fact that he was the sales manager gave him no such authority; and there was no attempt to prove an express authorization.

The second question is whether there was any testimony justifying the conclusion reached by the court that Ribakoff was held out by the plaintiff company as authorized to make this change in the original contract. There is an utter absence of proof in support of such a conclusion. It does not appear that he ever before attempted to change any original contract.

Lastly, as to the finding of the trial court that there was a ratification of the contract, as modified by Ribakoff, by the plaintiff, we have been unable to find any testimony or circumstance which will permit an inference that the plaintiff had any knowledge that the original contract had been altered until an attempt was made by the defendant to deliver the boxes to the plaintiff all in one color.

For the respondent it is argued that the ratification arose out of the circumstance that Gardner, a salesman in the plaintiff's employ, was directed by the president of the company to go to the defendant's place of business for the purpose of examining the proof sheets and to O. K. them, and that a sheet O. K.'d by Gardner was printed in one color, which indicated that the entire job was to be done in one color, and, therefore, the plaintiff was bound by Gardner's act. But this is clearly a *non sequitur.* The proof does not tend to show that Gardner was authorized to make any alteration in the

original contract. There is no proof that the president of the company when he sent Gardner to O. K. the proofs had any notice that there was a change made in the original contract. It is, therefore, difficult to perceive upon what reasonable basis it can be claimed that there was a ratification by the plaintiff. Ratification implies that the party ratifying has knowledge of the facts and acquiesces in them. Here it appears that the president had no knowledge of the alteration made by Riba-koff in the contract. The plaintiff, therefore, cannot properly be said to have ratified the alteration.

For the reasons given, the judgment under review must be reversed and a *venire de novo* awarded.

*For affirmance*—BLACK, J. 1.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 11.